UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| FLANDREAU SANTEE SIOUX TRIBE, a federally-recognized Indian Tribe, | CIV 14-4171 |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S VERIFIED BILL OF COSTS AND DEFENDANT'S EXCEPTION TO PLAINTIFF'S VERIFIED BILL OF COSTS |
| ANDY GERLACH, Secretary of the State of South Dakota Department of Revenue; and DENNIS DAUGAARD, Governor of the State of South Dakota, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Plaintiff's Verified Bill of Costs, Doc. 163, and Defendant's Exception to Plaintiff's Verified Bill of Costs, Doc. 165. Submitted pursuant to the Court's Judgment, Doc. 158, stating that the Tribe, as prevailing party, is entitled to recover its costs, the Tribe asks for expert witness costs claimed as a "reasonable fee for time spent in responding to discovery" pursuant to Fed. R. Civ. P. 26(b)(4)(E). Plaintiff's expert witness, Jonathan Taylor, was deposed by Defendants on September 6, 2016, in Sioux Falls, SD. Defendants have already paid Mr. Taylor's $1,750 fee for the five-hour long deposition. Defendants take exception, however, to the additional $22,147.26 worth of billed time spent preparing for and reviewing Mr. Taylor's deposition. Plaintiff's Verified Bill of Costs sets out 33.7 hours of Mr. Taylor's time, billed at an hourly rate of $350; 38.1 hours of "Research Assistance 1" time, 67% of 16 hours of "Research Assistance 2" time, both at an hourly rate of $140; and 20% of 33 hours of Mr. Taylor's time, again billed at the rate of $350 an hour, for review of the deposition.

Mr. Taylor's expert report, completed six weeks prior to his deposition, is 35 pages long, includes another 39 pages of illustrative exhibits as well as a few dozen pages of appendices. The report explains economic principles and applies them to the facts of the case within the context of the federal, state, and tribal interests at play. In his deposition, Mr. Taylor identifies his research assistants by name, but it is unclear from the record what the qualifications of the

assistants are. Further, Mr. Taylor describes the work performed by his assistants as well as himself in anticipation of the deposition:

> Q. What did each one of those individuals do?
> A. Under my direction and supervision they gathered data, they collated data and put data into spreadsheets. They used a computer program called Stata to transform and clean and analyze that data. They produced exhibits. They, under my direction, would take a sketch and produce an exhibit, and then I would get it back and revise it. They conducted phone calls of various kinds to talk to people in the marketplace about is this gas station owned by this casino or this tribe or something like that.
> They gathered data from the state's websites, from the Census Bureau. They read—read material and preprocessed academic articles and gave me a collection of academic articles. They checked each other's work.
> Q. Thank you. What, Mr. Taylor, did you do to prepare for this deposition today?
> A. I reread my report, I read the draft of the transcript of Mr. Terwilliger's deposition. I read my deposition in the prior litigation between the Flandreau Santee Sioux Tribe and the State of South Dakota. I reread the motion to exclude me from that. And I reread the response to the motion to exclude me from that. I also had a meeting yesterday evening with the attorneys.

Doc. 168-1, 4–5.

On February 5, 2018, the Court asked for additional information regarding the deposition of Mr. Taylor. From the supplemental declaration submitted by Plaintiff, the Court now understands that there would have been some additional work to collect, arrange, annotate, and otherwise clarify Mr. Taylor's work papers so that a third party could reproduce them. The Amended Notice of Deposition did include, among other things, a request for the production of Mr. Taylor's work papers.

Rule 26(b)(4)(E) of the Federal Rules of Civil Procedure provides "[u]nless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery . . . ." The rule seeks to "calibrate the fee so that plaintiffs will not be hampered in efforts to hire quality experts, while defendants will not be burdened by unfairly high fees preventing feasible discovery and resulting in windfalls ot the expert." *Hurst v. United States*, 123 F.R.D. 319, 321 (D.S.D. 1988) (citing *Anthony v. Abbott Laboratories*, 106 F.R.D. 461, 465 (D.R.I. 1985). Defendants argue that "[t]here is nothing reasonable about the amount of time Plaintiffs are claiming for Mr. Taylor's preparation for his deposition." Defendants argue that a reasonable amount of time spent preparing for his

2

deposition is limited to five hours of his own time, the amount of time spent on the deposition itself, and "[a]ll hours in addition to that number are patently unreasonable."

"[A]n expert may not charge an excessive amount of preparation time, and if an expert does so, a court may reduce that time to a 'reasonable' amount of time." *Benson v. Wells Fargo Bank, N.A.*, CIV. 16-5062-JLV, 2017 WL 2772119, at *19 (D.S.D. June 26, 2017) (quoting *Handi-Craft Co. v. Action Trading, S.A.*, No. 4:02 CV 1731, 2003 WL 26098543, at *17 (E.D. Mo. Nov 25, 2003)). The Court has discretion on this issue, and often exercises it. *See e.g., Benson*, 2017 WL 2772119, at *19 (determining ten hours and fifteen minutes preparation and not sixteen hours and fifteen minutes compensable for a complex case); *Handi-Craft Co.*, 2003 WL 26098543, at *17 (determining two days compensable and not the three days an expert spent preparing for a one-day deposition); *Borel v. Chevron U.S.A. Inc.*, 265 F.R.D. 275, 278 (E.D. La. 2010) (determining one-and-a-half hours preparation and not three hours compensable for a three-hour deposition); *N.Y. v. Solvent Chem. Co., Inc.*, 210 F.R.D. 462, 471–72 (W.D.N.Y. 2002) (determining three hours—not seventeen hours and forty-five minutes—reasonable for a nine-hour deposition in a complex case); *E.E.O.C. v. Johnson & Higgins, Inc.*, No. 93 Civ. 5491 LBS AJP, 1999 WL 32909, at *2, n. 2 (S.D.N.Y. Jan. 21, 1999) (determining nine hours of preparation time for a 2.25-hour deposition was reasonable).

Defendants do not challenge Mr. Taylor's hourly rate of $350, but merely seek to challenge the number of hours of preparation and review time that they must compensate Mr. Taylor for at that hourly rate, as well as the number of hours of research assistance billed at $140 per hour. In total, Mr. Taylor's fees include 33.7 hours of his own time preparing for the deposition, 48.8 hours of his research assistants' time preparing for the deposition, and 6.6 hours of Mr. Taylor's time for review of the deposition and to make corrections.

The deposition lasted five (5) hours and the errata sheet showed that there were few corrections. In this case, with what was a transcript with few corrections, three (3) hours is a reasonable time for that review. Further, the deposition preparation time claimed by Mr. Taylor and his assistants is not reasonable. Getting the files in order for anticipated production is one thing, but given the amount of time spent after an expert report had already been prepared, some of the deposition preparation time looks to have been actually spent doing additional work on the case. Accordingly, a reasonable preparation time for Mr. Taylor is 10 hours, plus the three (3) hours for review, for a total of 13 hours billed at $350 per hour.

3

The supplemental declaration requested by the Court by its Order of February 5, 2018 did not supply the Court with any information regarding the qualifications of Mr. Taylor's research assistants. Without knowing more concerning the qualifications, the Court will analogize the research assistants to qualified legal assistants and allow their time at the rate of $100 per hour, rather than the $140 per hour rate billed by Plaintiff. Once again, having reviewed the supplemental declaration, the Court concludes that some of the work done by the research assistants was supplemental work on the file in addition to preparing the work papers for production. The Court finds that a reasonable amount of time for production of the work papers is 10 hours for Research Assistance 1 and three (3) hours for Research Assistance 2 for a total of 13 hours billed at $100 per hour. Accordingly,

> IT IS ORDERED that Defendants' Objections are granted in part and Defendants are to pay $5,850.00 in trial preparation costs plus $1,297.02 in travel expenses in lieu of the $22,147.26 claimed.

Dated this 28th day of March, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

BY: _____
Deputy

4