UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| FLANDREAU SANTEE SIOUX TRIBE, a Federally-recognized Indian tribe,<br><br>Plaintiff,<br>vs.<br><br>JAMES TERWILLIGER, Secretary of Revenue of the State of South Dakota; and KRISTI NOEM, Governor of the State of South Dakota<br><br>Defendants. | CIV. 14-4171<br><br>MEMORANDUM OPINION AND ORDER DENYING MOTION FOR WRIT OF ASSISTANCE AND MOTION TO STAY |

Pending with the Court is a Motion for Writ of Assistance, Doc. 185, filed by Plaintiff, Flandreau Santee Sioux Tribe ("the Tribe") and a Motion to Stay, Doc. 191, filed by Defendants James Terwilliger, in his capacity Secretary of Revenue of the State of South Dakota; and Kristi Noem, in her capacity Governor of the State of South Dakota ("Defendants"). For the following reasons, both motions are denied.

## BACKGROUND

On September 15, 2017, the Court issued its Memorandum Opinion and Order granting in part and denying in part each of the party's motions for summary judgment in this case. Doc. 154. The Court held that the Indian Gaming and Regulatory Act ("IGRA") expressly preempts the imposition of a state use tax on nonmember purchases throughout the Casino, but does not preempt the imposition of the tax on nonmember purchases of goods and services at the First American Mart ("the Store"). Doc. 154. The Court also concluded that the State may not condition renewal of alcohol beverage licenses on the Tribe's remittance of use taxes imposed on nonmember purchases at the Store. Doc. 154. The Court issued its Judgment on October 20, 2017, Doc. 158, and filed an Amended Judgment, Doc. 177, in response to a motion made by the Tribe.

The State appealed the Amended Judgment to the Eighth Circuit Court of Appeals. The State argued on appeal that: 1) federal law does not preempt imposition of its use tax on nonmember purchases at the Casino of non-gaming amenities including food and beverage services, the Casino's hotel, RV park, live entertainment events, and gift shop; and 2) the State may condition renewal of alcoholic beverage licenses on the Tribe's failure to remit validly

1

imposed use taxes. Doc. 200. The State also moved the Eighth Circuit Court of Appeals for a stay of Paragraph 4 of the Amended Judgment which provides:

> 4. In accordance with the Parties' Deposit Agreement, the escrow agent may now, subject to any stay granted pursuant to an appeal, disburse to the Tribe the funds held in escrow which represent the use tax imposed on nonmembers' use of purchased goods and services as to the Casino's slots, table games, food and beverage services, hotel, RV park, live entertainment events, and gift shop.

Doc. 177. The State did not first move for a stay with this Court, believing that paragraph 4 of the Amended Judgment was a declaratory judgment and that moving for a stay in this Court would be impracticable because of this Court's decision in *Yankton Sioux Tribe v. S. Mo. Waste Mgmt. Dist.*, 926 F.Supp. 888 (D.S.D. 1996). Doc. 192.

On appeal, the State argued that in applying the factors to determine whether to grant a motion to stay a judgment pending appeal under Federal Rule of Appellate Procedure 8(a), the State has made a strong showing that it is likely to succeed on the merits and that it will be irreparably injured absent a stay. Doc. 189-1. The basis of the State's irreparable injury argument was that if the funds are released from escrow, and the Eighth Circuit Court of Appeals reverses this Court's decision, the State will have a difficult time recovering this money because it is foreclosed from suing the Tribe for injunctive relief and money damages absent a waiver of the Tribe's sovereign immunity. Doc. 189-1.

The Tribe filed an opposition to the State's motion to stay paragraph 4 of the Amended Judgment on the basis that under Rule 8(a)(1) of the Federal Rules of Appellate Procedure, the State must move for a stay of the judgment pending appeal in the district court unless the State can "show that moving first in the district court would be impracticable." Doc. 190-1 (quoting Rule 8(a)(2)(A)(i)). The Tribe argued that the State had not shown that moving for a stay of judgment in this Court would be impracticable because this Court's decision in *Yankton Sioux Tribe v. Southern Missouri Waste Management District*, 926 F.Supp. 888 (D.S.D. 1996) was published more than twenty years ago and because the decision does not definitely foreclose the possibility that this Court would grant the requested relief. Doc. 190-1. The Tribe then argued that the State was not entitled to a partial stay pending appeal because the State has not made a strong showing that it was likely to succeed on the merits and that it would be irreparably harmed absent a stay of the judgment. Doc. 190-1.

On August 16, 2018, the Tribe, by letter, requested the escrow agent to disburse to the Tribe all funds in the escrow account in accordance with this Court's Amended Judgment. Doc. 186-1. The State responded by letter to the escrow agent objecting to the Tribe's request on the basis that disbursement was not proper under the terms of the Deposit Agreement because there has been "no final determination by a court of proper jurisdiction" of the State's and Tribe's respective rights to the disputed tax payments held in escrow, "as the State is appealing the United States District Court's decision" in this case. Doc. 186-2.

The escrow agent responded to the parties, stating that under Section Eight of the Deposit Agreement, it was entitled to refuse the Tribe's request for disbursement because the Tribe and State "are not in agreement" about whether the matter has been "finally adjudicated." Doc. 186-4. The escrow agent, in consultation with counsel, stated its view that "disposition of the funds cannot be made until there is a final, non-appealable judgment directing disposition as set forth in Judge Piersol's ruling." Doc. 186-4.

On September 26, 2018, the Tribe filed a motion for a writ of assistance, Doc. 185, to enforce the Amended Judgment ("Amended Judgment"), which Defendants have opposed, Doc. 189. The Tribe asks for a writ ordering: 1) the State to withdraw its opposition to the Escrow Agent's disbursal of the escrow funds to the Tribe; 2) the State to formally notify the Escrow Agent of its agreement to such disbursal in accordance with Section 8 of the Deposit Agreement; and 3) directing the Escrow Agent to convey the funds to the Tribe. Doc. 186. Additionally, the Tribe asks that the writ judicially declare ownership of the funds, obviating any further process imposed by the Deposit Agreement for the Tribe to withdraw funds from the account. Doc. 186.

On November 2, 2018, the Eighth Circuit Court of Appeals denied the Tribe's motion for a partial stay pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure and that same day, the State filed a motion to stay with this Court. Doc. 192; 192-1. The State's motion to stay has been fully briefed by the parties.

On September 6, 2019, the Eighth Circuit Court of Appeals issued its decision affirming in part and reversing in part this Court's decision and remanding for determination of the appropriate remedy. Doc. 201. The appellate court affirmed the Court's ruling holding that IGRA expressly preempts imposing the use tax on nonmember purchases throughout the Casino. Doc. 200. The appellate court reversed the Court's holding that the State may not condition renewal of

3

alcohol beverage licenses on the Tribe's remittance of use taxes imposed on nonmember purchases at the Store and ordered that the Court apply the balancing test iterated by the United States Supreme Court in *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136 (1980) in its determination.

## DISCUSSION

### I. State's Motion for Stay Pending Appeal

The Eighth Circuit Court of Appeals issued its decision in this matter on September 6, 2019. Accordingly, the Court concludes that the State's motion to stay pending appeal, Doc. 191, is moot.

### II. Tribe's Petition for Writ of Assistance

Pending with the Court is the Tribe's motion for writ of assistance pursuant to the All Writs Act, 28 U.S.C. § 1651, and Rules 70 and 71 of the Federal Rules of Civil Procedure. The Tribe argues that the Court's order and judgment constitutes a final order and that absent a stay pending an appeal being filed with the Court, the Court has the power to issue a writ of assistance to enforce paragraph 4 of its amended judgment stating that:

> 4. In accordance with the Parties' Deposit Agreement, the escrow agent may now, subject to any stay granted pursuant to an appeal, disburse to the Tribe the funds held in escrow which represent the use tax imposed on nonmembers' use of purchased goods and services as to the Casino's slots, table games, food and beverage services; hotel, RV park, live entertainment events, and gift shop.

Doc. 177.

The All writs Act states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and the principles of law." 28 U.S.C. § 1651(a). "The All Writs Act authorizes federal courts "to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *Penn. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34 (1985) (quoting *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977)). "The [Act] invests a court with a power essentially equitable and, as such, is not generally available to provide alternatives to other, adequate remedies at law." *Clinton v. Goldsmith*, 526 U.S. 529, 536 (1999).

Rule 70 of the Federal Rules of Civil Procedure provides that:

> If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party failed to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court. When done, the act has the same effect as if done by the party.

Fed. R. Civ. P. 70. Rule 71 provides that "[w]hen an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." Fed. R. Civ. P. 71.

The relief sought by way of writ of assistance is ordinarily addressed to the sound discretion of the court. 7 C.J.S. *Writ of Assistance* § 2 (2018). The Court declines to grant the Tribe's writ of assistance at this time. The Court did not contemplate when issuing its judgment that the Tribe would be entitled to disbursement of the funds until, as provided in the Deposit Agreement, the parties agreed to the disbursement, or until there has been "a final determination by a court of proper jurisdiction." The State has ninety days to petition for a writ of certiorari with the United States Supreme Court after the Eighth Circuit Court of Appeals issued its judgment in this matter. Sup. Ct. R. 13.

Accordingly, it is hereby ORDERED that:

1) the State's Motion for Stay Pending Appeal, Doc. 191, is DENIED as moot; and

2) the Tribe's motion for writ of assistance, Doc. 185, is DENIED without prejudice to its refiling.

Dated this 17th day of September, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

5